IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHNNIE WILKINSON,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS, and DOES 1-10,<br><br>Defendants. | Civil Action No. 4:26-cv-00688-SDJ-AGD<br><br>**AMERICAN-AMICABLE'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |

Defendant American-Amicable Life Insurance Company of Texas ("American-Amicable"), by and through its undersigned counsel, files this Answer to Plaintiff's First Amended Complaint ("Amended Complaint"). Any allegation in the Amended Complaint not specifically addressed below is hereby denied. American-Amicable would respectfully show the Court the following:

## INTRODUCTION

Responding to the unnumbered paragraph submitted under the "I. INTRODUCTION" section of Plaintiff's Amended Complaint, American-Amicable denies the allegation that it violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, the Truth in Caller ID Act, 47 U.S.C. § 227(e), and the Tex. Bus. & Com. Code § 305.053, as well as the allegation that it engaged in a campaign of unlawful telemarketing calls to Plaintiff's telephone number.

## PARTIES

1. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Amended Complaint, and therefore, denies the same.

2. Responding to Paragraph 2 of the Amended Complaint, American-Amicable states that it is an insurance company organized and incorporated under the laws of the State of Texas with its principal place of business in the State of Texas. American-Amicable denies the allegations in Paragraph 2 of the Amended Complaint that allege that American-Amicable can be served through Amber L. Adams.

3. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint, and therefore, denies the same. Further responding to the allegations in Paragraph 3 of the Amended Complaint, American-Amicable denies any allegation that the alleged telephone calls were made by American-Amicable, at the direction or control of American-Amicable, or for the benefit of American-Amicable.

**JURISDICTION AND VENUE**

4. The allegations in Paragraph 4 of the Amended Complaint call for a legal conclusion to which no response is necessary.

5. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint, and therefore, denies the same.

**FACTUAL ALLEGATIONS**

6. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Amended Complaint, and therefore, denies the same.

7. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint, and therefore, denies the same.

8. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint, and therefore, denies the same.

9. American-Amicable denies the allegations in Paragraph 9 of the Amended Complaint that allege that the referenced recording of a telephone call directly attributes the alleged telemarketing conduct to American-Amicable. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Amended Complaint, and therefore, denies the same.

10. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint, and therefore, denies the same.

11. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Amended Complaint, and therefore, denies the same.

12. American-Amicable lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Amended Complaint, and therefore, denies the same.

13. Responding to Paragraph 13 of the Amended Complaint, American-Amicable states that it received a written communication from Plaintiff demanding payment from America-Amicable relating to purported telephone calls and that American-Amicable responded to Plaintiff in writing informing him that it was not responsible for making the alleged telephone calls and that American-Amicable has no liability for the alleged telephone calls. Further responding, American-Amicable incorporates by reference the written communications between Plaintiff and

American-Amicable and denies any allegations in Paragraph 13 of the Amended Complaint inconsistent therewith.

## CLAIMS FOR RELIEF

### COUNT 1 – TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

14. American-Amicable incorporates the preceding paragraphs by reference.

15. American-Amicable denies the allegations in Paragraph 15 of the Amended Complaint.

16. The allegations in Paragraph 16 of the Amended Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable denies any allegation that Plaintiff is entitled to relief from American-Amicable.

### COUNT II – TRUTH IN CALLER ID ACT (47 U.S.C. § 227(e))

17. American-Amicable incorporates the preceding paragraphs by reference.

18. American-Amicable denies the allegations in Paragraph 18 of the Amended Complaint.

19. The allegations in Paragraph 19 of the Amended Complaint call for a legal conclusion to which no response is necessary. To the extent a response is required, American-Amicable denies any allegation that Plaintiff is entitled to relief from American-Amicable.

### COUNT III – TEXAS BUSINESS & COMMERCE CODE § 305.053

20. American-Amicable incorporates the preceding paragraph by reference.

21. American-Amicable denies the allegations in Paragraph 21 of the Amended Complaint.

## PRAYER FOR RELIEF

22. Responding to the unnumbered paragraph beginning with "WHEREFORE" under the "VI. PRAYER FOR RELIEF" section of Plaintiff's Amended Complaint, American-Amicable denies that Plaintiff is entitled to the relief requested, or to any relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, American-Amicable pleads the following affirmative defenses to Plaintiff's Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted, and, therefore, the claims against American-Amicable should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Private Right of Action)

Plaintiff is not entitled to recover based on alleged violations of the TCPA and applicable regulations for which there is no private right of action. In particular, and without limiting the application of this defense, there is no private right of action for the enforcement of 47 U.S.C. § 227(e). *See, e.g., Clark v. Avatar Techs. Phl, Inc.,* No. CIV.A. H-13-2777, 2014 WL 1342033, at *2 (S.D. Tex. Apr. 3, 2014) ("The 'forfeiture penalty' at issue in § 227(e) is to be paid to the United States, not to an individual.").

### THIRD AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff's causes of action are barred, in whole or in part, by Plaintiff's requisite permission or consent to be contacted by engaging in acts which demonstrated his consent.

## FOURTH AFFIRMATIVE DEFENSE
## (No Injury)

Plaintiff's claims are barred, in whole or in part, because he suffered no legally cognizable injury. To the extent Plaintiff sustained any damages, which is denied, such damages are *de minimis* and not actionable.

## FIFTH AFFIRMATIVE DEFENSE
## (Equitable Defenses)

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and unclean hands. Among other things, Plaintiff invited and welcomed the alleged telephone calls in an effort to manufacture and pursue litigation.

## SIXTH AFFIRMATIVE DEFENSE
## (Not a Residential Line)

Plaintiff's claims fail because he cannot prove that a telephone number belonging to a residential telephone subscriber was called or that the alleged calls were made to a residential line.

## SEVENTH AFFIRMATIVE DEFENSE
## (Appliable Statutes and Regulations)

American-Amicable pleads the applicability of all relevant parts of the prior versions of 47 U.S.C. § 227, 47 C.F.R. § 64.1200, and the Texas Business and Commercial Code placing restrictions on telephone calls that may have been in effect during the time of the events alleged in the Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
## (Applicable Federal Exemptions and Exceptions)

American-Amicable incorporates by reference herein all provisions set forth within 47 U.S.C. § 227 and C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth thereunder.

**NINTH AFFIRMATIVE DEFENSE**
**(Exceptions to Do-Not-Call Registry Liability)**

American-Amicable pleads the applicability of the exceptions to liability set forth in 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2).

**TENTH AFFIRMATIVE DEFENSE**
**(McCarran Ferguson Act)**

American-Amicable pleads the application of reverse preemption of 47 U.S.C. § 227 and related regulations by applicable state insurance laws through the operation of the McCarran Ferguson Act.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Hobbs Act)**

American-Amicable would show that the Hobbs Act cannot be constitutionally applied to deprive American-Amicable of any defenses it has under the TCPA or the rules or regulations promulgated thereunder.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate his damages, and as a result, any judgment for Plaintiff must be reduced by any portion of damages which could have been avoided had appropriate steps been taken.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Third Party Responsible)**

Plaintiff's damages, if any, and none being admitted, were not caused by American-Amicable, but by another person or entity, for whom American-Amicable is not responsible and over whose activities American-Amicable exercises no control and/or has no right to control.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Lack of Vicarious Liability)**

The Amended Complaint fails to state a plausible claim for any liability under any theory of vicarious liability. American-Amicable does not have direct liability under the TCPA or the Texas Business and Commercial Code or applicable regulations, nor can it have vicarious liability under same based on any agency theory or theory of ratification. Plaintiff cannot meet his burden of establishing that American-Amicable has either directly liability or vicarious liability in this case when it did not control the manner and means by which the alleged telephone calls were made and did not knowingly accept any benefits or otherwise ratify any alleged improper conduct.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

American-Amicable pleads any and all applicable statutes of limitations.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(FCC Exceeding Authority)**

The Plaintiff's claims are barred to the extent they are based on orders or regulations that exceed the FCC's delegated authority.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(No Willful Violation)**

American-Amicable has not willingly or knowingly violated any provision, subsection, or regulation under the TCPA or the Texas Business and Commercial Code, and, therefore, the Plaintiff is not entitled to treble or enhanced damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Equitable Allocation and Set Off)**

Any damages sustained by the Plaintiff must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than American-Amicable, including third parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility,

and/or comparative fault. American Amicable is also entitled to a set off for any recovery Plaintiff recovers from third parties related to the same alleged violations.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(No Future Harm)**

Plaintiff's claim for injunctive relief is barred because there is no continuing harm or real and immediate danger of injury in the future.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(First Amendment)**

Plaintiff's claims are barred, in whole or in part, because the alleged telephone calls constitute commercial speech protected by the First Amendment of the U.S. Constitution.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

Plaintiff lacks standing to assert any claims based on the alleged telephone calls because Plaintiff has not suffered the requisite harm required to confer standing under Article III of the U.S. Constitution.

**RESERVATION OF RIGHTS**

American-Amicable states that, following completion of discovery and investigation into this matter, additional defenses may become available. American-Amicable reserves the right to assert additional defenses that may be discovered in the course of these proceedings.

WHEREFORE, having fully responded to the Plaintiff's First Amended Complaint, American-Amicable Life Insurance Company denies that Plaintiff is entitled to any of the relief requested and prays that the Amended Complaint be dismissed, with prejudice, and for such other and further relief as the Court may deem just and proper.

***SIGNATURE PAGE ATTACHED***

Respectfully submitted,

*/s/ Cary Slobin*

**CARY SLOBIN**
State Bar No. 00797445
cary.slobin@nelsonmullins.com
**HYUNG CHUL JUNG**
State Bar No. 24135292
dave.jung@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Telephone: 469.484.6100
Facsimile: 469.828.7217

**ATTORNEYS FOR AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 2nd day of September 2026.

/s/ Cary Slobin